SAMUEL FRIEDMAN, PLAINTIFF-RESPONDENT, v. BRUNO GUFFANTI, TRADING AS PATERSON STREET GARAGE, DEFENDANT-APPELLANT.

Submitted February 3, 1948—Decided May 13, 1948.

For the appellant, *George F. Losche.*

For the respondent, *M. Melz Cohn.*

The opinion of the court was delivered by

COLIE, J.  This is an appeal from a judgment of the Supreme Court, affirming a judgment of the District Court in favor of the plaintiff and against the defendant in an action for conversion. The facts are sufficiently stated in the

opinion of the Supreme Court reported in 136 *N. J. L.* 13 and need not be repeated.

The appellant urges four grounds for reversal, each of which we have examined and find without merit, excepting only the point that there was no proper evidence of damage. As to this the Supreme Court said: "The Court (District Court) sat as both judge and jury and determined as a fact that the relationship between the parties was that of bailor and bailee. There was ample evidence to sustain this finding and we see no justification for disturbing it. This is also true as to the proof of damage." The state of case settled by the District Court Judge discloses that "plaintiff further testified that he sold the alcohol for One ($1.00) Dollar a gallon. * * * The defendant testified that such alcohol was sold at 55c a gallon by the drum." This is the entire testimony in the case on the subject of damages and it is insufficient to support the judgment. In *Ward* v. *Huff*, 94 *N. J. L.* 81, the rule is stated that, in an action of damages for conversion, the damages are limited to the value of the chattel converted, with interest from the date of conversion. In *Zemel* v. *Commercial Warehouses, Inc.*, 132 *Id.* 341, this court followed the above rule and the opinion says: "Our view is that, without regard to profits, *the recoverable value of the alcohol,* which was a standardized commercial article, *was the price at which it could be replaced in the market,* market meaning, in this connection, that phase of commercial activity in which articles are bought and sold. To which of course should be added, as was added, and about which as a recoverable element there is no dispute, the item of interest." (Italics ours.) The testimony in the instant case does not establish the value at which the converted commodity could be replaced. Accordingly, the judgment under appeal is reversed; costs to abide the outcome of a new trial.

*For affirmance*—DONGES, EASTWOOD, WELLS, DILL, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, COLIE, BURLING, FREUND, MCLEAN, SCHETTINO, JJ. 7.